UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

        Petitioner,

v.

        Case No. 22-cv-346-pp

CHRISTOPHER BUESGEN,

       Respondent.

**ORDER REQUIRING PETITIONER TO CLARIFY ON WHICH PETITION HE WISHES TO PROCEED**

**I.    Procedural History**

    A.    <u>The First Petition</u>

On March 18, 2022, the petitioner—who currently is incarcerated at Stanley Correctional Institution and is representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, attempting to challenge his 2014 armed robbery conviction. Dkt. No. 1. The filing consisted of ninety-nine pages—a thirteen-page petition, a cover letter, a motion and an eighty-four-page attachment. Dkt. Nos. 1 through 1-3. The petition was on the court's official form (as required by the court's Civil Local Rule 9(a)). Dkt. No. 1. But the "Grounds for Relief" sections of the petition, on pages 6-9, were blank. <u>Id.</u> at 6-9. The first sixty-four pages of the large attachment are the petitioner's September 4, 2019 state-court motion for post-conviction relief. Dkt. No. 1-3 at 1-64. This motion alleged that the plaintiff's trial counsel was ineffective in

1

eleven ways, and that there had been prosecutorial misconduct. Id. at 2-3. The cover letter advised the clerk of the federal court that the petitioner was submitting a motion for stay and abeyance. Dkt. No. 1-1. He indicated that he was attaching his state post-conviction motion, and that he had an appeal pending before the Wisconsin Court of Appeals. Id. He stated that he would be amending his *habeas* petition once that appeal had been decided. Id. The petitioner also attached a motion for stay and abeyance (although he put the state-court case numbers on the motion), indicating that he had filed his post-conviction motion in state court on September 4, 2019. Dkt. No. 1-2.

B.  The Second Petition

Seven months later, on October 17, 2022, the petitioner filed an amended petition, challenging the same armed robbery conviction. Dkt. No. 4. This filing consisted of seventy-two pages—a cover letter, an eighteen-page petition and fifty-three pages of exhibits. The cover letter advised the federal clerk of court that the petitioner had exhausted his state remedies, and asked the court "to inform [him] as to the remaining time that [he] ha[d] to file this petition under AEDDA/28 U.S.C. § 2244(d)(1), as this statute was previously tolled pending [his] state actions." Dkt. No. 4-1. The petition—which did not indicate on its face that it was amended—was again on the court's form. Dkt. No. 1. Where the original petition had not listed any grounds for relief, however, this one listed eleven grounds for relief: ten claims that the petitioner's trial counsel provided ineffective assistance of counsel and one claim that the Wisconsin Court of Appeals had not addressed the petitioner's

2

Confrontation Clause claim. Id. at 7-14. The fifty-three-page attachment included the Wisconsin Court of Appeals' May 10, 2018 decision affirming the petitioner's conviction, dkt. no. 4-2 at 1; the Wisconsin Supreme Court's September 4, 2018 order denying the petitioner's petition for review of the Court of Appeals' order affirming his conviction, dkt. no. 4-2 at 10; a transcript of a May 5, 2017 motion hearing in Rock County Circuit Court, dkt. no. 4-2 at 11-26; a transcript of a December 1, 2020 oral ruling by the Rock County Circuit Court on the petitioner's post-conviction motion, dkt. no. 4-2 at 27-38; a July 21, 2022 decision from the Wisconsin Court of Appeals affirming the Rock County Circuit Court's denial of the petitioner's post-conviction motion, dkt. no. 4-2 at 39-52; and the Wisconsin Supreme Court's October 11, 2022 order denying the petitioner's petition for review of the Court of Appeals' July 21, 2022 decision, dkt. no. 4-2 at 53.

Given the court's caseload, it did not immediately review, or "screen," the October 17, 2022 amended petition. On November 4, 2022, the clerk's office received a letter from the petitioner, asking whether his federal *habeas* petition had been filed. Dkt. No. 5. He reiterated that he had exhausted his state remedies, and again asked the court to inform him "of the remaining time that [he] ha[d] to file this Petition as this statute was previously tolled pending [his] state actions." Id.

C. The Third Petition

On November 28, 2022, the court received from the petitioner another *habeas* petition, challenging the same armed robbery conviction. Dkt. No. 6.

3

The cover letter that accompanied this petition stated that the petitioner was representing himself, and that he'd realized after "filing [his] initial filing that [he] had omitted necessary facts and needed to amend." Dkt. No. 6-1. The petitioner stated that he hoped that the petition was "compliant with Rule 15 of the FRCP, as 'a matter of course,'" and he asked that if he was required to seek leave of court to amend, that the Clerk of Court write to him so that he could "comply as promptly as possible." Id.

The third petition does not indicate on its face that it is an amended petition. It is not on the court's official form as required by Civil L.R. 9(a), but it appears that the petitioner copied the official form because this third petition provides all the categories of information contained on the court's official form. Like the second petition, the third petition lists eleven grounds for relief, but this time, the first ten grounds assert ineffective assistance of *appellate* counsel (while the second petition had asserted ten claims of ineffective assistance of *trial* counsel). Id. at 4-7. The eleventh ground is the same ground raised in the second petition—that the Wisconsin Court of Appeals did not resolve the petitioner's Confrontation Clause claim.

## II. Applicable Law

Section 2244(d)(1) of Title 28 requires a petitioner to file a federal *habeas* petition within one year of the latest of four dates: (1) the date on which the judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date on which any impediment to filing the petition "created by State action in violation of the Constitution or

4

laws of the United States" is removed, if that state action prevented the petitioner from filing his petition; (3) where the Supreme Court has newly recognized a constitutional right and made it retroactively applicable to cases on appellate review, the date on which that newly recognized right was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claims could have been discovered "through the exercise of due diligence." "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. §2244(d)(2).

Once a petitioner has filed a federal *habeas* petition, Rule 4 of the Rules Governing §2254 proceedings requires the federal district court to "screen" the petition. The rule provides that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

Under Federal Rule of Civil Procedure 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

5

should freely give leave when justice so requires." Rule 15 is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Federal Rule of Civil Procedure 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005).

An amended petition "relates back" to the date of the original petition when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The Seventh Circuit Court of Appeals has held that it is "axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961); 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1476 (2d ed. 1990)).

### III. Discussion

On September 4, 2018, the Wisconsin Supreme Court denied the petitioner's petition for review of the Wisconsin Court of Appeals' affirmance of his 2014 conviction. Dkt. No. 4-2 at 10. Under §2244(d)(1), that denial started the one-year period for the petitioner to file his federal *habeas* petition. The petitioner filed his initial federal *habeas* petition on March 18, 2022—three and a half years after the Wisconsin Supreme Court denied his petition for review. Dkt. No. 1.

The petitioner has twice asked the clerk of the federal court to write to him and advise him of "the remaining time" for him to file the petition under §2244(d)(1). Dkt. Nos. 4-1, 5. The court does not understand what the petitioner is asking. He has filed the petition—he filed it on March 18, 2022. Once he filed the original petition on March 18, 2022, the clock stopped running, because the petitioner had filed the petition. There is no "remaining time" for him to "file" his federal *habeas* petition, because he's filed it.

The court suspects that what the petitioner really wants to know is whether his March 18, 2022 federal *habeas* petition was timely filed. Under §2244(d)(2), any time during which a "properly filed" application for state post-conviction or collateral review was pending does not count toward the one-year period. The court suspects that the petitioner wants the court to advise him whether any of the documents he filed in state court after the Supreme Court's September 4, 2018 order denying his petition for review "tolled" the one-year clock. The court does not have enough information to advise the petitioner on that issue, nor is it the court's role to give the petitioner advice.

The petitioner filed his federal *habeas* petition on March 18, 2022. The next step in the process is for the court to "screen" the petition (more on that in a minute) to determine whether it raises claims cognizable on *habeas* relief. If it does, the court will require the respondent to file a response to the petition. In the response, the respondent may raise any "affirmative defenses." The argument that a petition was not filed within the one-year statutory limitation period "is an affirmative defense," which means that the respondent "has the

7

burden of showing that the petition is untimely." Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citing Acosta v. Artuz, 221 F.3d 117, 121-22 (2d Cir. 2000)). That said, the federal district court "may dismiss a petition *sua sponte* if it appears on its face" that the petition is untimely. Id.

A petition filed three and a half years after the judgment became final would be untimely on its face. But if the petitioner "properly filed" a state post-conviction motion, the time during which that motion was pending would be excluded from that three and a half years. A state postconviction motion is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000). It is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. Such "applicable rules" include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. (citations omitted).

While the court sees from the date stamp that the petitioner filed his motion for post-conviction relief on September 4, 2019, dkt. no. 1-3 at 1, the court does not have enough information to determine whether that motion was "properly filed." The court cannot say at this point that it "appears on the face" of the March 18, 2022 petition that it is untimely. If the court screens one of the petitions and determines that it states cognizable claims and the respondent asserts the affirmative defense that the petition was not timely

8

filed, the court will address that issue at that time (after receiving briefing from both parties).

The court is concerned, however, about screening the petition at this time. As the court has explained, the original petition did not state *any* grounds for relief. If the court had screened that petition, it would have been required either to dismiss it or to mandate that the petitioner amend it. Luckily, because the court's case load prevented it from screening the March 18, 2022 petition more quickly, the petitioner filed an amended petition on October 17, 2022. Dkt. No. 4. That amended petition *did* assert grounds for relief—eleven of them. The petitioner was not required to seek leave of court to amend his petition; Rule 15(a)(1) limits the number of times a party may amend "as a matter of course" only when that party seeks to amend *after* the amended pleading has been served on the other side, or after the other side has responded. Because the court has not yet screened any of the three petitions, none of them have been served on the respondent. Although the court would not encourage it, a *habeas* petitioner may amend as many times as he'd like—without having to ask the court's permission—as long as the petition has not been screened and served or answered.

It appears to the court that under Rule 15(c)(1)(B), the October 17, 2022 amended petition "related back" to the March 18, 2022 filing date of the original petition, because like the original petition, it asserted claims arising out of the 2014 armed robbery conviction. So if the March 18, 2022 petition

9

was timely filed (which the court cannot determine at this point), it appears that the October 17, 2022 amended petition likely also was timely filed.

Had the court's schedule allowed it to address the October 17, 2022 amended petition in the couple of weeks after it was received, the court would have screened that petition and determined whether it stated cognizable claims. But the court wasn't able to review the October 17, 2022 petition that quickly, and on November 28, 2022, the court received the second amended petition from the petitioner. Dkt. No. 6. Again, the petitioner was not required to ask the court's permission to file that amendment, for the reasons discussed above. And it appears to the court that that petition also "related back" to the March 18, 2022 petition under Rule 15(c), because it involves challenges to the 2014 armed robbery conviction. So, again, it appears that if the March 18, 2022 petition was timely filed (which the court cannot determine at this time), the November 28, 2022 petition also likely was timely filed.

The court's concern is that the October 17, 2022 amended petition and the November 28, 2022 amended petition raise very different claims. The October 17, 2022 amended petition raises ten claims that the petitioner's *trial* counsel performed ineffectively. His November 28, 2022 petition raises ten claims that his *appellate* counsel performed ineffectively. In the cover letter to the November 28, 2022 petition, the petitioner states that he filed the November 28, 2022 petition because he realized that he had "omitted necessary facts" after his "original filing." But the November 28, 2022 petition does not restate the claims in the October 17, 2022 petition and then add to them; it

10

asserts ten *new* claims (because they are claims that a different lawyer was ineffective at a different stage in the case), along with one renewed claim. As the Seventh Circuit has said, an amended complaint (or, in this case, petition) supersedes—or takes the place of—any prior petitions.

If the court screens the November 28, 2022 petition, it will screen *only* the petitioner's claims that his *appellate* counsel was ineffective; it will not screen his claims that his *trial* counsel was ineffective, because he did not assert those claims in the November 28, 2022 complaint. Perhaps this was what the petitioner intended. Perhaps he intends only to bring claims that his appellate counsel was ineffective and does not wish to raise claims that his trial counsel was ineffective. But if the petitioner believed that by filing the November 28, 2022 petition, he was *adding* the ineffective appellate counsel claims to his claim of ineffective trial counsel—rather than replacing them—he is mistaken.

Before the court goes through the screening process, it will require the petitioner to clarify this issue. If he meant to replace his ineffective-assistance-of-***trial***-counsel claims raised in the October 17, 2022 petition with ineffective-assistance-of-***appellate***-counsel claims, he needs only to advise the court that he wants to proceed on the November 28, 2022 petition. The court will then screen that petition. If, on the other hand, the petitioner means to proceed on both ineffective-assistance-of-*trial*-counsel claims *and* ineffective-assistance-of-*appellate*-counsel claims, the petitioner must file a third amended petition. That third amended petition must be on the court's form, as required by Civil

11

Local Rule 9(a) (and if there is not enough room on the form, the petitioner may add up to three additional pages, double-spaced and in a readable fond). The petitioner must write the words "Third Amended" in the caption of the petition, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 . . . ." The third amended petition must be complete in itself; it may not refer the court back to any of the previous petitions. It must contain *all* the claims the petitioner wishes to raise in this federal *habeas* petition.

The court will give the petitioner a deadline by which to notify the court how he wants to proceed. If the court does not receive either notification that the petitioner wants to proceed on the November 28, 222 petition or a third amended petition by the deadline the court sets below, the court will screen only the claims in the November 28, 2022 petition; it will not allow the petitioner to proceed on any other claims.

## IV. Conclusion

The court **ORDERS** that by the end of the day on **February 24, 2023**, the petitioner must either (a) file a written notification advising the court that he wishes to proceed only on the November 28, 2022 second amended petition or (b) file a third amended complaint that complies with this order. The petitioner must file whichever document he is going to file in time for the court to *receive* it by the end of the day on February 24, 2023. If the court has not received either the written notice that the petitioner wants to proceed on the November 28, 2022 second amended complaint or a third amended complaint by the end of the day on February 24, 2023, the court will screen only the

claims raised in the November 28, 2022 second amended complaint and will not allow the petitioner to proceed on any other claims.

Dated in Milwaukee, Wisconsin this 12th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**