UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　Case No. 22-cv-346-pp

CHRISTOPHER BUESGEN,

    Respondent.

**ORDER REQUIRING RESPONDENT TO RESPOND TO PETITIONER'S MOTION FOR STAY AND ABEYANCE (DKT. NO. 9), SCREENING THIRD AMENDED *HABEAS* PETITION (DKT. NO. 8) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Between March 2022 and November 2022, the petitioner, representing himself, filed three petitions for a writ of *habeas corpus* under 28 U.S.C. §2254, attempting to challenge his 2014 armed robbery conviction. Dkt. Nos. 1, 4, and 6. The court reviewed those petitions and issued on order on January 12, 2023. Dkt. No. 7. The order explained that the court was concerned about screening the petitioner's original *habeas* petition, because it did not state any grounds for relief. Id. at 9. The court recounted that on October 17, 2022, before it had had the opportunity to screen the original petition, the petitioner had filed an amended petition that asserted eleven grounds for relief. Id. The court concluded that Federal Rule of Civil Procedure 15(a)(1) did not prevent the petitioner from filing an amended petition without leave of the court because the original petition had not been served on the respondent. Id. For the same reason, the court concluded that the petitioner's third *habeas*

1

petition, filed on November 28, 2022, did not violate Rule 15, and the court deemed the November 28, 2022 to be timely filed. Id. at 10.

The court determined that both the October 17, 2022 and November 28, 2022 petitions "related back" to the original petition under Rule 15(c) because they involved challenges to the petitioner's 2014 armed robbery conviction. Id. at 9-10. Nonetheless, the court explained that it was reluctant to screen the November 28, 2022 petition because that petition raised different claims from those raised in the October petition. Id. at 10. The October 17, 2022 petition raised ten claims that the petitioner's *trial* counsel performed ineffectively, whereas the November 28, 2022 petition raised ten claims that his *appellate* counsel performed ineffectively. Id. The November 28, 2022 petition alleged ten new claims while retaining only one claim from the October 17, 2022 petition. Id.

Because the court was unsure whether the petitioner was attempting to add the ineffective appellate counsel claims to his claims of ineffective trial counsel, or whether he meant to *replace* the ineffective assistance of trial counsel claims with the ineffective assistance of appellate counsel claims, the court ordered the petitioner to clarify the issue. The court informed the petitioner that if he meant to replace his ineffective assistance of trial counsel claims raised in the October 17, 2022 petition with ineffective assistance of appellate counsel claims, he needed only to advise the court that he wanted to proceed on the November 28, 2022 petition and the court would screen that petition. Id. at 11. If the petitioner intended to proceed on both ineffective assistance of trial claims *and* ineffective assistance of appellate counsel claims, the court explained to the petitioner that he must file a third amended petition. Id. The court ordered that by the end of the day on February 24, 2023, the

petitioner must file a written notification either advising the court that he wished to proceed only on the November 28, 2022 petition or file a third amended petition that complied with the court's order. Id. at 12.

I. **Third Amended Petition (Dkt. No. 8) and Motion for Stay and Abeyance (Dkt. No. 9)**

On February 16, 2023, the court received from the petitioner a third amended petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 8. The petition indicates that the petitioner is raising claims for ineffective assistance of trial counsel, ineffective assistance of appellate counsel and a violation of his Confrontation Clause rights. Id. at 7-13.

The same day court received third amended petition, it received from the petitioner a motion for stay and abeyance of this federal *habeas* case. Dkt. No. 9. The petitioner says that he has received advice from another incarcerated person, Mr. Loomis, who informed him that he can file an additional Wis. Stat. §974.06 postconviction motion. Id. at 1. The petitioner attached to the motion a "Notice to District Attorney," indicating that the defendant had filed a §974.06 motion in State v. Hill, Rock County Circuit Court Case No. 13CF1825. Dkt. No. 9-1. The petitioner indicates that he recently filed a postconviction motion in the circuit court, which contains "meritorious claims of bias" and newly discovered evidence. Dkt. No. 9 at 1-2. The petitioner says that he hired a private investigator who spoke with a juror from the petitioner's trial. Id. at 2. The petitioner contends that the juror told the investigator that "[s]he had thought that if Barnett was a parole or probation officer that [the petitioner] may have been in trouble before, but thought if so, it could have been a different kind of crime than what he was on trial for." Id. The petitioner asserts that the juror's statement demonstrates that she improperly inferred that the petitioner had a criminal record, which he asserts would have "tainted her

3

deliberation(s) and her ability to fairly decide on [the petitioner's] guilt or innocence." Id. The petitioner asserts that he did not know he should have sought permission from this court before filing a §974.06 motion based on newly discovered evidence. Id.

The court has the power to order a stay and abeyance of a federal *habeas* petition while the petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 273 (2005). "In particular, the court may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust his or her claims in state court." Id. at 277. A federal court may not grant a stay and abeyance "when the unexhausted claims are plainly meritless, or when a petitioner has engaged in abusive litigation tactics or intentional delay." Id.

In his motion for a stay and abeyance the petitioner says that he needs to stay his *habeas* case to pursue his newly discovered evidence claim. The motion says nothing about why the petitioner did not exhaust this claim in state court before filing his federal *habeas* petition.

In addition to his motion for a stay, the petitioner filed a "Declaration of Loomis in Support of Petitioner's Motion for Counsel."[1] Dkt. No. 10. Attached to the declaration is the interview referenced in the petitioner's motion for a stay, indicating that the petitioner's investigator interviewed Naomi Drumgole, a juror from the petitioner's trial. Dkt. No. 10-1. The exhibit confirms what the petitioner says in his motion—the investigator met with the juror, who informed him that during the trial she assumed that Barnett was the petitioner's probation or parole officer and "thought that if Barnett was a parole

---

[1] The court assumes the petitioner intended the declaration to be in support of his motion for a stay and abeyance, not a motion for appointment of counsel.

or probation officer [the petitioner] may have been in trouble before but thought if so it could have been a different kind of crime than what he was on trial for." Id. at 1. Notably, however, the report is dated August 29, 2018 and indicates that the investigator met with the Drumgole on August 22, 2018, more than four years before the petitioner filed his federal *habeas* petition.

The court will order the respondent to respond to the petitioner's motion for a stay.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

5

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.   The Petition

The petition refers to Rock County Circuit Court Case No. 2013CF1825. Dkt. No. 8 at 2. The court has reviewed the publicly available docket for this case. See State v. Lund, Rock County Case No. 2013CF1815 (available at https://wcca.wicourts.gov/). It reflects that on August 8, 2013, the State filed a criminal complaint against the petitioner. Id. On January 28, 2014, a jury found the petitioner guilty of armed robbery. Id. On May 22, 2014, the circuit court sentenced the petitioner to twelve years and six months of initial confinement to be followed by twelve years and six months of extended supervision. Id. The state court entered judgment on May 22, 2014 and entered a corrected judgment on June 3, 2014. Id. On May 5, 2017, the circuit court

6

denied the petitioner's motion for postconviction relief. Id. On May 10, 2018, the Wisconsin Court of Appeals affirmed the conviction. Id. On September 4, 2018, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

On September 4, 2019, the petitioner filed a new postconviction motion. Id. On December 1, 2020, the circuit court denied that motion. Id. On July 21, 2022, the court of appeals affirmed the state court's denial. Id.; dkt. no. 8-2 at 1-14. On October 11, 2022, the Wisconsin Supreme Court denied the petition for review. Id.; dkt. 8-2 at 15.

The petition lists eight grounds for relief. Ground One raises an ineffective assistance of appellate counsel claim based on appellate counsel's failure to argue that the petitioner's trial counsel was ineffective for failing to challenge hearsay evidence from an anonymous tipster and for agreeing to allow an officer to testify that an anonymous person identified the petitioner in a crime scene photograph. Dkt. No. 8 at 7-8. Ground Two alleges ineffective assistance of appellate counsel based on appellate counsel's failure to argue that the petitioner's trial counsel was ineffective for not objecting to or seeking to preclude an agent's testimony that he was "99% sure" that the petitioner was the robber in photographs. Id. at 8. Ground Three raises an ineffective of assistance of appellate counsel claim based on appellate counsel's failure to argue that the petitioner's trial counsel was ineffective for eliciting trial testimony from a detective regarding the petitioner's invocation of his Miranda rights. Id. at 9. Ground Four raises an ineffective assistance of appellate counsel claim based on appellate counsel's failure to investigate the Department of Corrections' records for evidence of communications between law enforcement officers, which allegedly would have shown collusion between

7

the officers. Id. at 10. Ground Five—which the petitioner titles "D.) 1"—raises an ineffective assistance of appellate counsel claim based on appellate counsel's failure to argue that the petitioner's trial counsel was ineffective for failing to object to the improper introduction of evidence. Id. at 11. Ground Six—which the petitioner mistakenly calls Ground Two(1)—raises an ineffective assistance of appellate counsel claim based on appellate counsel's failure to argue that the petitioner's trial counsel was ineffective for failing to request a jury instruction. Id. Ground Seven—which the petitioner mistakenly calls Ground Two(2)—raises an ineffective assistance of trial counsel claim for his counsel's failure to investigate and properly cross-examine the State's witnesses. Id. at 12. Ground Eight—which the petitioner mistakenly calls Ground Three—raises a Sixth Amendment Confrontation Clause claim. Id. at 12-13.

The petitioner's claims are cognizable on federal *habeas* review. See Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009) (considering ineffective assistance of appellate counsel claim on federal *habeas* review); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (reviewing ineffective assistance of trial counsel on federal *habeas* review); Richardson v. Griffin, 866 F.3d 836 (7th Cir. 2017) (granting writ of *habeas corpus* for violation of Confrontation Clause rights at trial).

The court cannot say that it is clear from the face of the petition that it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

It appears likely to the court that more than one year passed between the judgment becoming final and the petitioner filing this petition. But subsection (2) of the statute provides for tolling of the one-year period for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). The record shows that the petitioner has filed several state post-conviction motions. Whether they were "properly filed," and how much time since the petitioner's conviction might be excluded because those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

Without hearing from the respondent, it also is premature for the court to consider whether the petitioner has properly exhausted his grounds for *habeas* relief. Any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004).

9

The court cannot conclude that it is clear from the face of the petition that the petitioner is not entitled to relief.

### III. Conclusion

The court **ORDERS** that the respondent must respond to the petitioner's motion for a stay and abeyance (Dkt. No. 9) within **twenty-one (21) days** of the date of this order.

The court **ORDERS** that the petitioner may proceed on the grounds listed in his third amended petition. Dkt. No. 8.

The court **ORDERS** that within **sixty (60) days** of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 6th day of April, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**