UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

    Petitioner,

                  Case No. 22-cv-346-pp

v.

CHRISTOPHER BUESGEN,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE (DKT. NO. 9)**

   On February 16, 2023, the court received from the petitioner a third amended petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 armed robbery conviction. Dkt. No. 8. The same day, the court received from the petitioner a motion for a stay and abeyance of this federal *habeas* case. Dkt. No. 9. On April 6, 2023, the court screened the third amended petition and ordered that the petitioner could proceed on the grounds listed in the petition. Dkt. No. 11. In that same order, the court ordered the respondent to respond to the petitioner's motion for a stay and abeyance. Id. The respondent did so, opposing the motion. Dkt. No. 14. This order denies the petitioner's motion.

**I.  Background**

   In his motion for a stay and abeyance the petitioner says that he needs to stay the federal case so that he can file a Wis. Stat. §974.06 postconviction

1

motion in state court; he says the motion contains "meritorious claims of bias," based on "Newly Discovered Evidence of a Juror's impression of a state witness relationship towards Petitioner." Dkt. No. 9 at 1-2. The petitioner attached to the motion a "Notice to District Attorney," indicating that the defendant had filed a §974.06 motion in State v. Hill, Rock County Circuit Court Case No. 13CF1825. Dkt. No. 9-1.

The petitioner says that after he filed this federal petition, he "had taken advice from another inmate by the name of Loomis." Dkt. No. 9 at ¶1. Mr. Loomis apparently advised the petitioner that because he had nothing pending in his state criminal case, he could file another postconviction motion. Id. at ¶2.

As for the basis of the new postconviction motion, the petitioner explains that he hired a private investigator who spoke with a juror from the petitioner's trial. Id. at ¶5. The petitioner contends that the juror told the investigator the juror thought that Barnett, one of the state's witnesses, might have been a parole or probation officer. Id. The petitioner asserts that the juror stated that she "had thought that if Barnett was a parole or probation officer that [the petitioner] may have been in trouble before, but thought if so it could have been a different kind of crime that he was on trial for." Id. The petitioner maintains that the juror inferred that Barnett was the petitioner's probation/parole agent and that the petitioner had a criminal record; he says that these inferences "unduly tainted her deliberation(s) and her ability to fairly decide on [the petitioner's] guilt or innocence." Id. at ¶6. The petitioner asserts

that he did not know he should have sought permission from this court before filing a §974.06 motion based on newly discovered evidence. Id.

Along with the motion for a stay, the petitioner filed a "Declaration of Loomis in Support of Petitioner's Motion for Counsel."[1] Dkt. No. 10. Attached to the declaration is the interview referenced in the motion for a stay, indicating that the petitioner's investigator interviewed Naomi Drumgole, a juror from the petitioner's trial on August 22, 2018. Dkt. No. 10-1. The exhibit confirms what the petitioner says in his motion—the investigator met with the juror, who informed him that during the trial she assumed that Barnett was the petitioner's probation or parole officer and "thought that if Barnett was a parole or probation officer [the petitioner] may have been in trouble before but thought if so it could have been a different kind of crime than what he was on trial for." Id. at 1.

The respondent opposes the motion, arguing that the petitioner has not explained why he waited until 2023 to file a §974.06 motion based on a private investigator's report from August 2018. Dkt. No. 14 at 2-3. The respondent points out that the petitioner filed a §974.06 motion in September 2019—a year after the private investigator wrote his report—but failed to include any argument resembling a newly discovered evidence claim. Id. The respondent argues that even if the petitioner had shown good cause for the delay, his

---

[1] Because the petitioner has not filed a motion seeking appointment of counsel, the court assumes the petitioner intended the declaration to be in support of his motion for a stay and abeyance, not a motion for appointment of counsel.

§974.06 motion is meritless because it is based on inadmissible evidence. Id. at 3. The respondent argues that "any evidence regarding an inquiry into the jury's deliberations besides '(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form' is strictly inadmissible under both federal and state law." Id. at 4 (quoting Arreola v. Choudry, 533 F.3d 601, 606–07, 607 n.2 (7th Cir. 2008), citing Fed. R. Evid. 606(b); Wis. Stat. §906.06(2)).

**II. Analysis**

    A.    <u>Legal Standard</u>

The court has the power to order a stay and abeyance of a federal *habeas* petition while the petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 273 (2005). "Stay and abeyance should be available only in limited circumstances." Id. at 270. "In particular, the court may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust his or her claims in state court." Id. at 277. A federal court may not grant a stay and abeyance "when the unexhausted claims are plainly meritless, or when a petitioner has engaged in abusive litigation tactics or intentional delay." Id.

    B.    <u>Application</u>

The court will deny the motion for a stay because the petitioner has not shown good cause for failing to exhaust his claims in state court before filing

his federal *habeas* petition, and because the claim he wants to exhaust has no merit in a federal *habeas* context.

The plaintiff was charged in state court on August 8, 2013. State v. Hill, Case No. 2013CF001825 (Rock County Circuit Court), available at https://wcca.wicourts.gov. The jury returned its verdict on January 28, 2014. Id. The state court sentenced the petitioner on May 22, 2014—nine years ago. Id. The court of appeals affirmed the conviction on September 12, 2018. Id.

As the court noted in its screening order and as the respondent points out in his response, the petitioner's alleged "new" evidence has been known to him since August 29, 2018, when the investigator completed his report documenting his August 22, 2018 interview with the juror. Dkt. 10-1 at 1. About one year later, on September 4, 2019, the petitioner filed a §974.06 motion asserting numerous claims for ineffective assistance of trial counsel. Id.; Dkt. No. 1-3 at 1-57. The petitioner did not include in that motion his claim about the juror's misunderstanding, even though at the time he filed the motion, he had known about the investigator's interview with the juror for about a year.

The petitioner says that Mr. Loomis, another incarcerated person—one who "is well-versed in Criminal, Appellant, and Federal Procedures, as well as being a Certified Paralegal"—told the petitioner that he could not have "two separate pending litigations within the same case number." Dkt. No. 9 at ¶3. But, he says, Mr. Loomis told the petitioner that he now could file another postconviction motion. Id. at ¶2. This does not explain why the petitioner did

5

not raise the issue during his 2019 postconviction proceeding. Section 974.06(4) requires that "[a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion." The petitioner did not raise all ground for relief available to him in the 2019 motion, and he has not explained why.

Even if the petitioner had explained why he did not raise this issue in the 2019 motion, and why he waited years to file the most recent §974.06 motion, the court would deny the motion because the claim has no merit. Under Wisconsin law, "[u]pon inquiry into the validity of a verdict . . ., a juror may not testify to . . . the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict." Wis. Stat §906.06(2). Nor may a court receive a juror's affidavit or evidence of a juror's statement regarding such a matter. Id. A juror may testify only as to "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Id. The petitioner has not alleged that the juror received extraneous prejudicial information or that she was subject to any outside influence, which means the juror would not be permitted to testify to her perceptions of Barnett and her belief that the petitioner might have had a criminal record. The petitioner's claim is meritless because he is foreclosed from using the evidence about the juror's alleged misperceptions, which forms the basis of his new claim.

Even if the state court could admit the juror's testimony, the testimony would be inadmissible on federal *habeas* review by Federal Rule of Evid. 606(b), made applicable to federal *habeas* proceedings by Fed. R. Evid. 1101(e). See Shillcutt v. Gagnon, 827 F.2d 1155, 1161 (7th Cir. 1987) (J. Ripple concurring) ("Federal Rules of evidence are generally applicable to proceedings under 28 U.S.C. § 2254 . . ."). Like the Wisconsin Rule, Rule 606(b) says:

> **(b) During an Inquiry Into the Validity of a Verdict or Indictment.**
>
> **(1) Prohibited Testimony or Other Evidence.** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> **(2) Exceptions.** A juror may testify about whether:
> **(A)** extraneous prejudicial information was improperly brought to the jury's attention;
> **(B)** an outside influence was improperly brought to bear on any juror; or
> **(C)** a mistake was made in entering the verdict on the verdict form.

The juror's testimony does not fall under any of the exceptions. In her interview with the investigator, the juror did not allege the existence of extraneous prejudicial information, say that she was subject to outside influence or say that a mistake was made in entering the verdict on the verdict form. Again, the petitioner's claim would be meritless because he cannot rely on the juror's statement to support his claim that the juror's misimpression of a witness violated his right to a fair trial.

The court will deny the motion for a stay.

### III. Conclusion

The court **DENIES** the petitioner's motion for stay and abeyance. Dkt. No. 9.

The court **ORDERS** that by the end of the day on **July 28, 2023**, the petitioner must file his brief in support of his petition. If the court does not receive the petitioner's brief, or a request for additional time within with to file his brief, by the end of the day on July 28, 2023, the court may rule on the allegations in the petition without input from the petitioner.

The court **ORDERS** that the respondent has **forty-five days** after the petitioner files his brief to file a brief in opposition; the petitioner has **thirty days** after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**