UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

    Petitioner,

v.

    Case No. 22-cv-346-pp

CHRISTOPHER BUESGEN,

    Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 18)

On February 16, 2023, the court received from the petitioner a third amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 armed robbery conviction. Dkt. No. 8. The same day, the court received from the petitioner a motion for a stay and abeyance of this federal *habeas* case. Dkt. No. 9. On April 6, 2023, the court screened the third amended petition and ordered that the petitioner could proceed on the grounds listed in the petition. Dkt. No. 11. In that same order, the court ordered the respondent to respond to the petitioner's motion for a stay and abeyance. Id. The respondent did so, opposing the motion. Dkt. No. 14.

On June 19, 2023, the court denied the petitioner's motion for stay and abeyance. Dkt. No. 17. Then, on June 29, 2023, the petitioner filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 18. On

1

September 7, 2023, the petitioner filed a letter asking the court to rule on his motion for reconsideration. Dkt. No. 21.

This order denies petitioner's motion for reconsideration. Because the court is ruling on the motion for reconsideration, it will deny the petitioner's letter request for a ruling as moot.

**I.     Background**

In his February 2023 motion for a stay and abeyance the petitioner said that he needed to stay this federal case so that he could file a Wis. Stat. §974.06 postconviction motion in state court; he said that the motion contained "meritorious claims of bias," based on "Newly Discovered Evidence of a Juror's impression of a state witness relationship towards Petitioner." Dkt. No. 9 at 1-2. The petitioner attached to the motion a "Notice to District Attorney," indicating that he had filed a §974.06 motion in State v. Hill, Rock County Circuit Court Case No. 13CF1825. Dkt. No. 9-1. The petitioner also filed a declaration, which included a report drafted by a private investigator hired by the petitioner. Dkt. No. 10-1. This report detailed the private investigator's contact with an allegedly biased juror from the petitioner's criminal trial. Id.

The court denied the petitioner's motion for stay and abeyance for two principal reasons. Dkt. No. 17 at 4-7. First, the petitioner did not demonstrate good cause for failing to exhaust his remedies in state court before filing the federal *habeas* petition. Id. at 4-6. The court explained that the petitioner's "new" evidence had been known to him since August 29, 2018, when the

private investigator completed his report. Id. at 5. The petitioner did not mention the alleged juror bias in his §974.06 motion filed on September 4, 2019. Id. at 5. Second, the claims the petitioner seeks to exhaust have no merit in a federal *habeas* context. Id. at 5. The court explained that the evidence on which the petitioner intended to rely—the interview statements of the juror describing what affected their verdict—was inadmissible under both Wisconsin law and the Federal Rules of Evidence. Id. at 5 (citing Wis. Stat §906.06(2); Fed. R. Evid. 606(b)).

The petitioner since has asked the court to reconsider this decision. Dkt. No. 18. The petitioner appears to argue that he did not raise the juror-bias claim in his September 2019 §974.06 motion because a "certified paralegal inmate" told him that "he could not have two open pending litigations going within the same case." Id. at 4. The petitioner also contends that his claims do not lack merit because "the state court can admit the juror's statement or testimony." Id. The petitioner specifically asserts that "even though[] this juror's testimony would be inadmissible in a habeas review: we would not [] present[] it within the contents of a juror's testimony, but from a private investigator's obtaining her statement, and then being able to try to introduce such evidence by such methods." Id. The petitioner argues that, while being interviewed, the allegedly biased juror stated "facts that w[ere] never ever presented or testified to at [the petitioner's] trial" and urges the court to "question . . . where . . . this juror g[o]t such information." Id. The petitioner

3

contends that "the circuit court should have conducted a hearing to cross-examine this Juror and establish the record on appeal." Id.

II. **Analysis**

   A.   Legal Standard

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment if the party seeking relief files the motion "no later than 28 days after the entry of judgement." Fed. R. Civ. P. 59(e). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citing Charlese v. Daley, 799 F.2d 343, 348 (7th Cir. 1986)). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A party moving to alter or amend a judgment under Rule 59(e) must "clearly establish" one of those two grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The court has the power to order a stay and abeyance of a federal *habeas* petition while the petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 273 (2005). "Stay and abeyance should be available only in limited circumstances." Id. at 270. "In particular, the court may grant a stay and abeyance only when the petitioner

demonstrates good cause for failing to exhaust his or her claims in state court." Id. at 277. A federal court may not grant a stay and abeyance "when the unexhausted claims are plainly meritless, or when a petitioner has engaged in abusive litigation tactics or intentional delay." Id.

B.  Application

The petitioner does not state in his motion to reconsider whether he bases the motion to reconsider on newly discovered evidence or on a manifest error of law or fact. The petitioner does not identify any evidence that he discovered between the time the court denied the motion to stay (June 19, 2023, Dkt. No. 17) and the date he filed the motion to reconsider (September 29, 2023, Dkt. No. 18). That leaves the question of whether the court's order denying the motion for stay and abeyance constituted a manifest error of law or fact.

"A 'manifest error' is not demonstrated by the disappointment of the losing party." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "It is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The petitioner has not demonstrated that the court's denial of his motion to stay constituted the wholesale disregard, misapplication or failure to recognize controlling precedent. The petitioner admits that he did not raise the juror bias issue in his September 2019 §974.06 motion, and he has not stated good cause for his failure to do so.

5

Section 974.06(4) requires that "[a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion." "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." State v. Kletzien, 331 Wis. 2d 640, 646 (Wis. Ct. App. 2011). The petitioner appears to rely on the "certified paralegal inmate" telling him that "he could not have two open pending litigations going within the same case," dkt. no. 18 at 4, but that reliance does not change the fact that the juror bias issue was "available" to the petitioner at the time of his September 2019 petition. See Id. at 648 (rejecting a petitioner's "incorrect interpretation of postconviction procedure" as a "sufficient reason" for bringing a claim in his second postconviction petition that he could have brought in his first). The petitioner's reliance on someone else's view of the law does not state good cause for failing to exhaust his claims in state court before filing his federal *habeas* petition.

The petitioner has not met his burden to show that the juror's statement fits an exception listed in section §906.06(2). Under Wisconsin law, "[u]pon inquiry into the validity of a verdict . . ., a juror may not testify to . . . the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict." Wis. Stat §906.06(2). The only exceptions to this general bar are that a juror may testify as to (1) "whether extraneous prejudicial information was improperly brought to the jury's attention" or (2) "whether any outside influence was improperly brought to bear upon any juror." Id. To be entitled to an evidentiary hearing,

6

"the party seeking to set aside a verdict on grounds of extraneous prejudicial information or outside influence *must make a preliminary showing* by affidavit or nonjuror evidence" and this showing "must demonstrate that 'the subject matter of the proposed hearing is within an exception to Wis. Stat §906.06(2) and must assert facts that, if true, would require a new trial.'" State v. Miller, 320 Wis. 2d 724, 763 (Wis. Ct. App. 2009) (emphasis added).

The petitioner's motion for reconsideration does not identify what, if any, "extraneous prejudicial information" or "outside influence" affected the allegedly biased juror's thinking. See Black's Law Dictionary (11th ed. 2019) (defining "showing" as "[t]he act or an instance of establishing through evidence and argument; proof"). Instead, the petitioner poses a question, inquiring as to why the juror stated "facts that w[ere] never ever presented or testified to at [the petitioner's] trial" during an interview which took place more than four years after the jury returned a verdict in the petitioner's trial. Dkt. No. 18-1 at 1 (stating the private investigator interviewed the juror on August 21, 2018). See also State v. Hill, Rock County Case No. 2013CF001825 (available at https://wcca.wicourts.gov) (noting the jury returned their verdict on January 28, 2014). The petitioner has not met his burden to show the juror's statement fits an exception listed in section §906.06(2).

Finally, the petitioner argues that the allegedly biased juror's statement would be admissible in state court because he "would not [] present[]it within the contents of a juror's testimony, but from a private investigator's obtaining her statement." Dkt. No. 18 at 4. Section §906.06(2) states that a court may

7

not receive a "juror's affidavit or *evidence of any statement by the juror* concerning a matter about which the juror would be precluded from testifying." (Emphasis added.); see also Fed. R. Evid. 606(b) (listing similar restrictions to the admission of juror testimony and noting "[t]he court may not receive a juror's affidavit or *evidence of a juror's statement* on these matters" (emphasis added)). As noted above, the juror's statements to the private investigator do not fit any of the exceptions listed in section §906.06(2). The private investigator's report would be considered "*evidence of any statement by the juror* concerning a matter about which the juror would be precluded from testifying." Whether presented through the juror's own testimony or by the private investigator's report, the statement the petitioner wishes to present is barred by Wisconsin law. For this federal court to stay the *habeas* proceedings to allow the petitioner to go to state court to raise a meritless claim—one that he has not sufficiently explained his failure to raise in his September 2019 post-conviction motion—would be futile.

Because the petitioner's motion to reconsider does not identify any "newly discovered evidence" or show that "there has been a manifest error of law or fact," the court will deny the petitioner's motion for reconsideration. See Harrington, 433 F.3d 546 (7th Cir. 2006).

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 18.

The court **DENIES AS MOOT** the petitioner's request for a ruling on his motion for reconsideration. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 3rd day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**