UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

    Petitioner,

v.

    Case No. 22-cv-346-pp

CHRISTOPHER BUESGEN,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 25)**

On February 16, 2023, the petitioner filed a third amended petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 armed robbery conviction. Dkt. No. 8. On October 4, 2023, after having filed a brief in support of his petition, the petitioner filed a motion for appointment of counsel. Dkt. No. 25.

Because the *habeas* petition is fully briefed, the interests of justice do not require that the court appoint counsel for the petitioner at this time. The court will deny the petitioner's motion.

**I.    Background**

The petitioner filed his original petition for *habeas corpus* on March 18, 2022. Dkt. No. 1. The petitioner amended his petition twice, dkt. nos. 4, 8, and sought a stay and abeyance of this case to pursue state court remedies, dkt. no. 9. The court screened the third amended petition and ordered the

1

respondent to respond to the petitioner's motion for stay and abeyance. Dkt. No. 11. Once the motion for stay was fully briefed, the court denied the motion, finding that the petitioner had not demonstrated good cause for a stay or shown that his claims were potentially meritorious. Dkt. No. 17 at 4–5. The court ordered the petitioner to file a brief in support of his petition by July 28, 2023. Id. at 8. The petitioner filed a motion for reconsideration of the decision to deny the stay, dkt. no. 18, which the court denied, dkt. no. 24.

Meanwhile, the petitioner filed a brief in support of his petition. Dkt. No. 19. On October 4, 2023, the petitioner filed a motion asking the court to appoint counsel. Dkt. No. 25. A month later, the respondent filed a brief opposing the petition. Dkt. No. 29. The petitioner then filed a reply brief in support of his petition. Dkt. No. 30. The petition has been fully briefed since November 20, 2023.

## II. Motion to Appoint Counsel

### A. Petitioner's Arguments

The petitioner argues that the court should appoint him counsel under the Sixth and Fourteenth Amendments of the United States Constitution. Dkt. No. 25 at 1. He states that he has "attempted to litigate" both this petition and a pending state court of appeals case with the assistance of another incarcerated person. Id. The petitioner explains that the other incarcerated person no longer is able to assist him because of a change in how his institution routes legal mail between incarcerated persons. Id. at 1–2.

The petitioner asserts that he does not have the funds to retain counsel himself. Id. at 2. He says that he has contacted three attorneys asking them to take his case *pro bono* but that he has not been able to secure counsel. Id. The petitioner attached two letters he sent to attorneys, requesting for representation. Dkt. No. 25-1 at 7–8. He also attached a response letter from attorney Jeff Nichols declining his request for representation. Id. at 6.

The petitioner argues that he is entitled to counsel based on "a showing of hardship in litigating [his] claims, issues and cases." Dkt. No. 25 at 2 (citing Stumm v. Wilkie, 796 F. App'x 292 (7th Cir. 2019); Walker v. Price, 900 F.3d 933, 935 (7th Cir. 2018); Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007)). He asserts that he was struggling to file his petition until he received assistance from his fellow incarcerated person and implies that because he can no longer work with that person, he will continue to struggle litigating the case without assistance. Id.

B. Legal Standard

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. § 3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

C. Analysis

The interests of justice do not require the court to appoint counsel for the petitioner now. Many incarcerated persons who file lawsuits or *habeas* petitions ask for lawyers. The majority of them do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to legal resources. The court does not have the resources to appoint lawyers for all incarcerated persons; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a party is not able to express himself and where the litigation has reached a point that a lay person could not handle it on his own.

There is no indication that the petitioner is not able to handle this litigation on his own. The pleadings the petitioner has filed—his petition, his brief in support and his reply brief—are articulate, clear and easy for the court to understand. Even if the petitioner received assistance from another incarcerated person in preparing these filings, his petition now is fully briefed.

4

The next step in this case will be for the court to rule on the petition. There is nothing further that the petitioner must file before that ruling, so there is nothing with which counsel could assist the petitioner in this case. The court will deny the petitioner's motion to appoint counsel.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 18th day of February, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**