UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY HILL,

                    Petitioner,

                                              Case No. 22-cv-346-pp

    v.

CHRISTOPHER BUESGEN,

                    Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS*
(DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY
AND DISMISSING CASE**

---

On March 18, 2022, the petitioner, who is in custody at Stanley
Correctional Institution and is representing himself, filed a petition for writ of
*habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction for
armed robbery. Dkt. No. 1. The petition has been fully briefed since November
20, 2023. Dkt. Nos. 19, 29, 30. The court regrets that its caseload prevented it
from addressing the petitioner's case sooner. After reviewing the briefs and the
record, the court determines that the petitioner's grounds do not support
granting *habeas* relief. The court will dismiss the petition and decline to issue a
certificate of appealability.

I.    **Background**

    A.    <u>State Court Proceedings</u>

The petition refers to <u>State of Wisconsin v. Anthony Hill</u>, Rock County
Case No. 2013CF001825. Dkt. No. 8 at 2. In August 2013, the state charged
the petitioner with armed robbery of a gas station. Dkt. No. 16-3 at ¶2. At trial,
an investigating officer, Detective Craig Johnson, testified that after he

1

distributed photographs from the gas station's surveillance camera to the media, he received an anonymous tip that the petitioner was the robber. Dkt. No. 16-11 at 112:10–114:21. Detective Johnson contacted Matthew Barnett, who worked with the petitioner (as his parole officer, a fact of which the jury was not made aware), to find out whether he could identify the petitioner from the photographs. Id. at 115:23–116:5. Barnett testified that he was "99.9 [percent]" certain that the petitioner was the suspect in the photos. Id. at 127:12–25. A jury found the petitioner guilty of armed robbery with use of force. Dkt. No. 16-1 at 2. The court sentenced the petitioner to twelve and a half years in prison followed by twelve and a half years of extended supervision. Id.

The petitioner filed a postconviction motion arguing ineffective assistance of trial counsel due to counsel's failure to object to the testimony about the anonymous tip and Barnett's identification testimony. Dkt. No. 16-3 at ¶1. The circuit court held an evidentiary hearing during which the petitioner's trial counsel testified. Dkt. No. 16-16. Counsel testified that he did not object to Detective Johnson's testimony about the anonymous tip because he believed the statement was not hearsay and he had no basis to object. Id. at 36:6–37:13. Counsel also testified that he did not believe he had any grounds to object to Barnett's testimony. Id. at 38:13–19. The circuit court denied the postconviction motion and the court of appeals affirmed. Dkt. No. 16-3. The Wisconsin Supreme Court denied the petitioner's petition for review and the petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. Dkt. Nos. 16-4 at 46; 8 at 4.

The petitioner then filed a postconviction motion under Wis. Stat. §974.06. Dkt. No. 16-5. The petitioner presented nine grounds for relief: (1)

2

ineffective assistance of postconviction counsel for failing to raise ineffective assistance of trial counsel and plain error regarding the petitioner's right to remain silent; (2) ineffective assistance of postconviction counsel for failure to raise ineffective assistance of trial counsel and plain error regarding the introduction of improper evidence concerning the petitioner's arrest on a felony extraditable warrant; (3) ineffective assistance of postconviction counsel for failing to raise ineffective assistance of trial counsel, prosecutorial misconduct or plain error regarding the introduction of improper evidence relating to other robberies and burglaries; (4) ineffective assistance of postconviction counsel for failure to raise ineffective assistance of trial counsel and plain error regarding Detective Johnson's testimony about the anonymous tip; (5) ineffective assistance of postconviction counsel for failure to raise ineffective assistance of trial counsel for failing to file a motion to suppress Barnett's identification of the petitioner; (6) ineffective assistance of postconviction counsel for failing to raise ineffective assistance of trial counsel for failing to properly investigate and cross-examine Barnett in the event of a denial of the motion to suppress; (7) ineffective assistance of postconviction counsel for failing to raise ineffective assistance of trial counsel for failing to properly investigate and cross-examine the state's witnesses or otherwise introduce evidence establishing the height of the person depicted in the surveillance video; (8) ineffective assistance of postconviction counsel for failure to raise ineffective assistance of trial counsel and plain error regarding improperly instructing the jury; and (9) ineffective assistance of postconviction counsel for failure to raise ineffective assistance of trial counsel and plain error regarding allowing Barnett to complete the majority of the presentence investigation report and make sentencing recommendations to the court. Id. at 9–11. The trial court denied that motion,

3

and the Wisconsin Court of Appeals affirmed. Dkt. No. 16-6. The Wisconsin Supreme Court denied the petitioner's petition for review on October 11, 2022. Dkt. No. 16-7 at 58.

While his postconviction motion was pending, the petitioner also filed a state *habeas corpus* petition. Dkt. No. 16-8. The petitioner raised four issues in this petition: (1) ineffective assistance of postconviction counsel due to counsel's failure to raise ineffective assistance of trial counsel in failing to object to Detective Johnson's testimony about the anonymous tip; (2) ineffective assistance of postconviction counsel due to counsel's failure to raise the issue of ineffective assistance of trial counsel in failing to investigate the identity of the anonymous tipster; (3) ineffective assistance of postconviction counsel due to counsel's failure to raise ineffective assistance of trial counsel in failing to move to strike and request a curative instruction about testimony twice informing the jury that the petitioner was wanted for questioning in connection with other burglaries and a robbery, and also testifying that the petitioner was not arrested for armed robbery but was arrested for a separate felony warrant; and (4) ineffective assistance of postconviction counsel due to counsel's failure to raise the issue of trial court error respecting the denial of a motion for mistrial due to the prohibited testimony. Id. at 5. The court of appeals denied the petition because the petitioner had an adequate remedy at law through his pending appeal. Dkt. No. 16-9. The petitioner filed a motion for reconsideration, which the court of appeals denied. Dkt. No. 16-10 at 26–27. The Wisconsin Supreme Court denied the petitioner's petition for review on January 11, 2022. Id. at 29.

The respondent states that on January 10, 2023, the petitioner filed another postconviction motion under Wis. Stat. §974.06, which the circuit

4

court denied on April 4, 2023. Dkt. No. 16 at 6. A review of the state court docket reflects that after the respondent filed his answer to this petition, the court of appeals summarily affirmed. Hill, Case No. 2013CF001825 (available at https://wcca.wicourts.gov/). The petitioner filed two more motions for postconviction relief on February 14 and April 26, 2024, and a motion for reconsideration on May 14, 2024. Id. The docket reflects that the petitioner still has one active appeal related to the denial of one or more of those motions. Id.

   B. Federal *Habeas* Petition

  On March 18, 2022, the petitioner filed his federal petition for *habeas corpus*. Dkt. No. 1. Before the court had screened the petition, the petitioner filed an amended petition, dt. No. 4, and a second amended petition, dkt. no. 6. The court directed the petitioner to either file a third amended petition or advise the court as to which petition he wanted to pursue. Dkt. No. 7. On February 16, 2023, the petitioner filed a third amended petition, which is the operative petition in the case. Dkt. No. 8.

  The third amended petition lists eight grounds for relief. Grounds One through Six allege ineffective assistance of postconviction counsel. Dkt. No. 8 at 7–11. Ground Seven alleges ineffective assistance of trial counsel. Id. at 12. Ground Eight raises a Sixth Amendment Confrontation Clause claim. Id. at 12–13. The court screened the third amended petition and ordered the respondent to file a responsive pleading. Dkt. No. 11. The respondent filed an answer on June 5, 2023. Dkt. No. 16.

  With his third amended petition, the petitioner also filed a motion for a stay and abeyance. Dkt. No. 9. The petitioner sought to stay his case so that he could exhaust a claim of newly discovered evidence based on a juror's statement that she believed Barnett was the petitioner's parole officer, implying

that the petitioner had a prior criminal history. Id. at 2. After receiving a brief from the respondent, the court determined that the petitioner had not shown good cause for a stay and abeyance and denied the motion. Dkt. No. 17. The court also denied the petitioner's motion for reconsideration of that order. Dkt. No. 24.

C.    Briefing

1.    *Petitioner's Brief (Dkt. No. 19)*

The petitioner first argues that postconviction counsel was ineffective for failing to raise several errors that his trial counsel committed during the trial that constituted deficient performance and prejudiced the petitioner. Dkt. No. 19 at 3. He argues that postconviction counsel failed to pursue the petitioner's strongest grounds for relief and instead pursued weaker grounds, abandoned grounds she initially raised or performed deficiently by inadequately raising certain grounds. Id. He argues that trial counsel failed to object to Barnett's identification testimony, which violated the petitioner's right to due process. Id. at 4. He argues that law enforcement improperly "sought-out" Barnett and informed Barnett of the anonymous tip about the petitioner, making the identification a product of unduly suggestive circumstances. Id. at 5. The petitioner asserts that Barnett's identification also is suspect because the robbery victim did not identify the petitioner as the robber and provided a description that did not match the petitioner's height and age. Id. at 6. The petitioner argues that Barnett and Detective Johnson were trying to "pin" various robberies on him at the time. Id. at 6–7. He argues that his constitutional rights were violated by trial counsel's failure to object to Detective Johnson and Barnett's testimony. Id. at 7. He also argues that Barnett's identification testimony violated the Confrontation Clause. Id. at 8.

6

The petitioner argues that trial counsel violated his right against self-incrimination by disclosing to the jury that the petitioner refused to answer law enforcement's questions when interrogated about the robbery. Id. at 9–10. The petitioner argues that there was no reason to disclose his silence to the jury and that it was inherently prejudicial. Id. He argues that this violation alone warrants granting him a new trial. Id. at 10. The petitioner states that the remainder of his ineffective assistance of counsel claims "are going to be incorporated together," but does not provide any specific arguments about those grounds. Id.

The petitioner argues that his Confrontation Clause rights were violated because the state court declined to allow him to identify the anonymous tipster. Id. He argues that the state presented the anonymous tip as evidence at trial but refused to reveal information about the informant's identity. Id. at 10–11. He argues that when the substance of an informant's tip is conveyed to the jury, the informant's credibility is placed in question. Id. at 11. He asserts that he had the right to cross-examine the tipster about his/her credibility but was denied the opportunity to do so. Id. at 11–12. He argues that he should be granted a new trial based on these grounds. Id. at 12.

2.      *Respondent's Opposition (Dkt. No. 29)*

The respondent argues that the petitioner has waived Grounds Four through Seven by failing to brief them. Dkt. No. 29 at 1 n.1. The respondent states that he is not responding substantively to those grounds because the petitioner has waived them. Id.

Turning to Ground One, the respondent argues that the petitioner has failed to present any facts supporting this ground for relief in his brief. Id. at 6. He argues that the petitioner merely states that postconviction counsel failed to

7

raise meritorious issues but does not identify what those issues were. Id. The respondent argues that the facts stated in the petition cannot "carry over" into the petitioner's brief and that the petitioner has not cited any legal authority supporting his claim that he received ineffective assistance of counsel. Id. at 6–7. The respondent asserts that in the absence of any substantive argument, the petitioner has waived this ground for relief. Id. at 7.

The respondent next argues that the petitioner has procedurally defaulted on Grounds Two, Three and Eight. Id. He argues that because an evidentiary hearing is a prerequisite for ineffective assistance of counsel claims, the issue for a court of appeals reviewing such a claim that was summarily denied without a hearing is limited to whether the petitioner alleged sufficient facts entitling him to a hearing. Id. at 11. The respondent states that here, the petitioner's §974.06 motion alleging ineffective assistance of postconviction counsel was denied without a hearing, so the court of appeals needed only to consider whether the motion satisfied Wisconsin's pleading standards. Id. The respondent argues that the court of appeals determined that none of the petitioner's asserted grounds were clearly stronger than the arguments his postconviction counsel raised on direct appeal. Id. He contends that the court of appeals' determination that the petitioner failed to meet the pleading standard means that its decision rested on an adequate and independent state law ground precluding *habeas* relief. Id. at 11–12.

The respondent maintains that the court of appeals rejected the petitioner's additional argument on Ground Two on procedural grounds. Id. at 12. He asserts that the petitioner challenged the reliability of Barnett's identification testimony and argued that postconviction counsel should have moved to exclude the testimony as unreliable and having violated the

8

petitioner's right to due process. Id. at 12–13. The respondent contends that the court of appeals rejected this argument as not clearly stronger than the arguments postconviction counsel raised on direct appeal. Id. at 13.

The respondent argues that the court of appeals also rejected the petitioner's self-incrimination arguments related to Ground Three. Id. at 14. According to the respondent, the court of appeals concluded that the petitioner did not receive ineffective assistance of trial counsel because counsel used a reasonable strategy to avoid highlighting the testimony regarding the petitioner's invocation of his right to remain silent; he argues that the testimony was not likely to have been a significant factor in the jury's decision. Id. at 14–15. He contends that because the court of appeals found that these arguments were not meritorious, they were not clearly stronger than the ones postconviction counsel raised on appeal. Id. at 15.

The respondent argues that the court should dismiss Ground Eight because the petitioner did not exhaust his Confrontation Clause claim in the state courts. Id. at 16. The respondent says that the petitioner framed this claim in state court as seeking post-conviction discovery regarding the anonymous tipster, not that the tip violated the Confrontation Clause. Id. at 16–17. He asserts that the petitioner did not fairly present the Confrontation Clause argument to the state court, so it is procedurally defaulted. Id. at 17–18. The respondent argues that even if the petitioner had properly exhausted this claim, there is no merit to the claim because there is no federal decision identifying a constitutional right to access evidence about the tipster's identity post-conviction. Id. at 18–19.

The respondent argues that even if the petitioner had not procedurally defaulted on Grounds Two and Three, the petitioner is not entitled to relief on

the merits. Id. at 20. The respondent asserts that the standard for ineffective assistance of counsel claims on *habeas* review is high and the state court's decision on the merits is entitled to deferential review. Id. at 20–23. The respondent contends that the court of appeals reasonably applied federal legal standards and determined that the petitioner did not establish that his arguments were clearly stronger than the arguments postconviction counsel made, so postconviction counsel's performance was not deficient. Id. at 23–24. The respondent argues that there is no evidence that the inclusion of testimony about the anonymous tipster was prejudicial because the jury had the opportunity to review the photographs themselves and weigh the tipster's identification against the full record. Id. at 25–26. As for the self-incrimination argument, the respondent contends that the state court reasonably determined that trial counsel's decision to move on from the testimony about the petitioner's refusal to answer law enforcement questions was a strategic decision. Id. at 27. The respondent asserts that even if the petitioner's postconviction counsel had raised this argument on appeal, it would not have been successful. Id. at 28.

3.    *Petitioner's Reply (Dkt. No. 30)*

The petitioner replies that he has not abandoned or waived Grounds Four through Seven. Id. at 1 n.1. He argues that the respondent "clearly understands" the petitioner's intent and that he merely "incorporate[d]" these grounds together for brevity. Id. The petitioner maintains that Ground One is not underdeveloped because the court allowed him to amend his petition numerous times and the petition form states that he need not cite any legal authority. Id. at 1. The petitioner argues that he did not procedurally default on

10

Case 2:22-cv-00346-PP    Filed 08/29/25    Page 10 of 24    Document 33

the merits. Id. at 20. The respondent asserts that the standard for ineffective assistance of counsel claims on *habeas* review is high and the state court's decision on the merits is entitled to deferential review. Id. at 20–23. The respondent contends that the court of appeals reasonably applied federal legal standards and determined that the petitioner did not establish that his arguments were clearly stronger than the arguments postconviction counsel made, so postconviction counsel's performance was not deficient. Id. at 23–24. The respondent argues that there is no evidence that the inclusion of testimony about the anonymous tipster was prejudicial because the jury had the opportunity to review the photographs themselves and weigh the tipster's identification against the full record. Id. at 25–26. As for the self-incrimination argument, the respondent contends that the state court reasonably determined that trial counsel's decision to move on from the testimony about the petitioner's refusal to answer law enforcement questions was a strategic decision. Id. at 27. The respondent asserts that even if the petitioner's postconviction counsel had raised this argument on appeal, it would not have been successful. Id. at 28.

3.    *Petitioner's Reply (Dkt. No. 30)*

The petitioner replies that he has not abandoned or waived Grounds Four through Seven. Id. at 1 n.1. He argues that the respondent "clearly understands" the petitioner's intent and that he merely "incorporate[d]" these grounds together for brevity. Id. The petitioner maintains that Ground One is not underdeveloped because the court allowed him to amend his petition numerous times and the petition form states that he need not cite any legal authority. Id. at 1. The petitioner argues that he did not procedurally default on

10

Case 2:22-cv-00346-PP    Filed 08/29/25    Page 10 of 24    Document 33

his other grounds and that he attempted to exhaust Ground Eight by seeking a stay and abeyance in this court, which the court denied. Id.

The petitioner contends that he did not procedurally default on his claims because he raised postconviction and trial counsel's ineffectiveness at every level of his state court proceedings. Id. at 4. He asserts that trial counsel performed deficiently by failing to challenge testimony about the anonymous tipster (which testimony he says violated the Confrontation Clause) and that counsel's deficient performance resulted in the petitioner's conviction. Id. at 7– 8. The petitioner argues that, in turn, postconviction counsel's failure to raise this issue on direct appeal was deficient and caused the petitioner's appeal to fail. Id. at 8. The petitioner highlights other instances of trial counsel's alleged deficient performance, including counsel's failure to obtain exclusion of testimony about the petitioner's other felony warrant, that he was wanted for questioning about other robberies and that he had refused to answer law enforcement questions in custody. Id. at 9–11. The petitioner asserts that postconviction counsel abandoned several issues on appeal and refused to amend her briefing to raise issues the petitioner wanted to pursue. Id. at 12– 13. The petitioner argues that he did not procedurally default on Ground Eight because postconviction counsel did raise the Confrontation Clause argument on direct appeal, so it was fairly presented to the state court. Id. at 14.

## II.   Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2)). A federal *habeas* court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Indeed, "[t]he 'unreasonable application' clause requires the state court decision to be *more* than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (emphasis added). In other words, §2254(d)(1) allows a court to grant *habeas* relief only where it determines that the state court applied federal law in an "objectively unreasonable" way. Renico, 559 U.S. at 773. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

### III. Analysis

#### A. Ground One

Ground One raises an ineffective assistance of postconviction counsel claim based on counsel's failure to argue that trial counsel was ineffective for failing to challenge evidence about the anonymous tipster. The respondent

argues that this claim is devoid of factual support in the petitioner's brief and that the petitioner cannot rely on the facts asserted in the petition to support this ground. Even if the court rejected the respondent's argument, the petitioner's claim must fail because the Wisconsin Court of Appeals rejected this ground on the merits, and that decision was not objectively unreasonable.

"Under *Strickland v. Washington*'s familiar, two-pronged test for ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland, 466 U.S. at 687). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

In the context of federal *habeas* proceedings, the Supreme Court has stated that

> [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential", and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland*

13

with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

Harrington, 562 U.S. at 105 (internal citations and quotations omitted). "[O]nly a clear error in applying *Strickland* would support a writ of *habeas corpus*." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (quoting Murrell v. Frank, 332 F.3d 1102, 1111 (7th Cir. 2003)). The issue is whether the state court "took the constitutional standard seriously and produce[d] an answer within the range of defensible positions." Id. (quoting Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000)) (alteration in original).

The Wisconsin Court of Appeals properly applied Strickland when considering the petitioner's claim that postconviction counsel was ineffective for failing to adequately brief trial counsel's ineffectiveness related to challenging Detective Johnson's testimony about the anonymous tipster. The petitioner argued that postconviction counsel should have cited additional case law showing that the testimony was inadmissible. Dkt. No. 16-6 at ¶16. The court of appeals relied on the prejudice prong of Strickland and stated that "[the petitioner] had not shown a reasonable probability of a different outcome without the officer's testimony" and that "[a]ppellate counsel's failure to provide additional case law showing that the testimony was inadmissible would not have changed our conclusion as to prejudice." Id. This conclusion was not clearly erroneous; the court of appeals, as the court that decided the original postconviction motion, is well-positioned to determine whether additional briefing would have changed its mind regarding trial counsel's ineffectiveness. Further, it is unlikely that, standing alone, the testimony about the anonymous tipster significantly impacted the outcome of the petitioner's trial given the additional identification evidence from Barnett. Because the court of appeals

14

reasonably determined that the petitioner had not shown that the outcome of his trial would have been different absent Detective Johnson's testimony about the anonymous tip, this court will not grant *habeas* relief on Ground One of the petition.

B.    Grounds Two and Three

Ground Two alleges ineffective assistance of postconviction counsel based on counsel's failure to argue that trial counsel was ineffective for not objecting to or seeking to preclude Barnett's identification testimony. Ground Three raises an ineffective of assistance of postconviction counsel claim based on counsel's failure to argue that trial counsel was ineffective for eliciting trial testimony from a detective regarding the petitioner's invocation of his Miranda rights and refusal to answer law enforcement questions. The respondent argues that the petitioner procedurally defaulted on both these claims. The court disagrees but concludes that the court of appeals' decision on the merits was not clearly erroneous.

A *habeas* claim is procedurally defaulted if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). "[F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 736 (1991).

A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). But "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. If the state court's procedural ruling is "primary," then it is independent. Id. As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. The court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

In Garcia v. Cromwell, 28 F.4th 764 (7th Cir. 2022), the Seventh Circuit discussed Wisconsin's post-conviction proceedings and the related adequate and independent state law grounds that might cause a federal *habeas* petitioner to procedurally default on his claims:

> [A] prisoner may not raise in a section 974.06 motion a federal constitutional issue that was raised or *could have been raised* in a postconviction motion under section 974.02 or on direct appeal. [*State v.*] *Escalona-Naranjo*, 517 N.W.2d [157,] 162 [(Wis. 1994)]. The upshot is that a defendant must raise all available claims for relief, including *Strickland* claims, at the earliest opportunity—that is, in a section 974.02 motion or on direct appeal. *Id.* at 162. Failure to do so bars relief under section 974.06 unless the defendant can establish a "sufficient reason" to excuse the default. *Id.* at 162–63.

16

Ineffective assistance of postconviction counsel can be a "sufficient reason" to excuse a prisoner's failure to bring a claim earlier. *State v. Allen*, 786 N.W.2d 124, 139 (2010). But the mere suggestion that postconviction counsel was ineffective does not by itself open the door to merits review of a defaulted claim. Instead, a prisoner must provide specific, nonconclusory factual allegations explaining why his postconviction counsel was ineffective. *Id.* at 139–40. If ineffective assistance of postconviction counsel is adequately pleaded, the trial court must then provide an evidentiary hearing and "perform the necessary factfinding function and directly rule on the sufficiency of the reason." *Id.* at 139 (quotation marks omitted). In contrast, if a petitioner fails to allege "specific facts that, if proved, would constitute a sufficient reason," the trial court will "summarily deny" the section 974.06 motion without an evidentiary hearing. *Id.* at 140.

Garcia, 28 F.4th at 772–73. "To adequately allege that ineffective assistance of postconviction counsel qualifies as a 'sufficient reason' to excuse a procedural default, a prisoner must allege why the claims he now wants to raise are 'clearly stronger than the claims actually raised.'" Id. at 773 (quoting State v. Romero-Georgana, 360 Wis. 2d 522, 553 (Wis. 2014)). The procedural requirements of Escalona-Naranjo and Romero-Georgana are adequate state law grounds that can support a state court decision. Id. at 775. Taking this reasoning together, if the Wisconsin Court of Appeals affirmed the denial of the petitioner's postconviction motion by relying solely on the pleading standards in Escalona-Naranjo and Romero-Georgana, the court based its decision on an adequate and independent state law ground and the petitioner procedurally defaulted on his claims.

The Wisconsin Court of Appeals explicitly invoked Romero-Georgana's "clearly stronger" requirement when analyzing the petitioner's claims. Dkt. No. 16-6 at ¶14. The court stated that the petitioner "must establish that the arguments or claims that appellate counsel failed to raise are clearly stronger than the arguments or claims that counsel did raise." Id. (citing State v. Starks,

17

49 Wis. 2d 274 (Wis. 2013)). The court concluded they were not. Id. But when analyzing the particular arguments the petitioner made on Grounds Two and Three of the instant petition, the court did not independently rely on the Romero-Georgana procedural bar to reject the petitioner's claims. Instead, the court of appeals discussed the merits of the petitioner's claims and determined that no prejudice resulted from postconviction counsel's failure to raise those claims.

The court of appeals considered whether postconviction counsel was ineffective for failing to sufficiently argue that trial counsel was ineffective for not objecting to or seeking to preclude Barnett's identification testimony. Dkt. No. 16-6 at ¶17. As with Ground One, the petitioner argued that postconviction counsel should have cited additional case law showing that Barnett's identification testimony was inadmissible because it was the product of an unnecessarily suggestive lineup. Id. The court of appeals rejected this argument, stating that the petitioner's case law did not show that Barnett's testimony was inadmissible because Barnett did not rely on a lineup to identify the petitioner. Id. The court implicitly found that the outcome of the proceeding would not have been different had postconviction counsel cited that case law. Id. This court cannot conclude that that decision was clearly erroneous. Counsel cannot be found ineffective for failing to make a meritless argument, see Washington v. Boughton, 884 F.3d 692, 701 (7th Cir. 2018), and it was reasonable for the court of appeals to determine that the petitioner's counsel was not ineffective for failing to make the proposed arguments and that those arguments would not have changed the outcome of the proceeding. The court will not grant habeas relief on Ground Two of the petition.

18

The court of appeals next considered the claim that postconviction counsel was ineffective for failing to challenge trial counsel eliciting testimony from a detective regarding the petitioner's invocation of his <u>Miranda</u> rights (Ground Three in this petition). <u>Id.</u> at ¶¶19–23. While the court of appeals again mentioned that it was assessing whether this claim was clearly stronger than the claims postconviction counsel did raise, it also examined the merits of the petitioner's claim while doing so. <u>Id.</u> The court of appeals rejected the petitioner's claim because (1) trial counsel's decision not to challenge the testimony was strategic and intended to minimize its impact; (2) later testimony from the same witness explained that the petitioner had refused to answer law enforcement questions because he denied having any knowledge of the robbery, which was consistent with the petitioner's alibi defense; and (3) this testimony was likely not a significant factor in the jury's decision given the other evidence in the case. <u>Id.</u> at ¶¶21–23. The court of appeals' assessment was not clearly erroneous. Trial counsel's decision not to object to the testimony in order to minimize its impact could be considered "sound trial strategy," precluding a finding of deficient performance. <u>See</u> <u>Swofford v. Dobucki</u>, 137 F.3d 442, 446 n.2 (7th Cir. 1998). And the court of appeals reasonably determined that, given the other evidence in the case, the outcome would not have been different had trial counsel challenged the testimony. If trial counsel's performance was not ineffective, postconviction counsel cannot be found ineffective for failing to challenge that performance. Because the court of appeals reasonably determined that there was no merit to Ground Three of the instant petition, the court will not grant *habeas* relief on that ground.

19

C.    <u>Grounds Four through Seven</u>

The petitioner has not presented arguments in support of Grounds Four through Seven. After presenting his arguments on Ground Three, the petitioner states that Grounds Four through Seven "are going to be incorporated together and hold the grounds of ineffectiveness of Appellant and trial counsel(s)." Dkt. No. 19 at 10. The respondent argues that the petitioner's failure to present argument on these grounds means that he waived them. Dkt. No. 29 at 1 n.1. The petitioner replies that he did not present argument on these issues in order to be "brief as [brevity] is one of the major keys in litigation." Dkt. No. 30 at 1 n.1.

Although the court appreciates the petitioner's efforts at brevity, Grounds Four through Seven raise separate claims based on separate factual grounds, and the court cannot decide them based on the petitioner's arguments in support of Ground Three. A petitioner who does not present an argument in support of a ground for relief waives that ground. <u>See</u> <u>Garba v. Waukesha Cnty. Cir. Ct.</u>, Case No. 17-CV-244, 2017 WL 6622550, at *4 n.2 (E.D. Wis. Dec. 28, 2017) (argument in support of a ground for relief first raised in reply brief was waived); <u>Oswald v. Berge</u>, Case No. 01-C-689, 2006 WL 1722425, at *1 (E.D. Wis. June 21, 2006) (finding waiver where a ground for relief was not briefed at all); <u>see also</u> <u>Soo Line R.R. Co. v. Consol. Rail Corp.</u>, 965 F.3d 596, 601 (7th Cir. 2020) ("Generally, '[f]ailing to bring an argument to the district court means that you waive that argument on appeal.' . . . a conclusory argument that amounts to little more than an assertion does not preserve a question for [appellate] review."); <u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir.1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."). Because the petitioner has presented no

20

arguments in support of Grounds Four through Seven, the court deems them waived and will dismiss the petition as to those grounds.

　　D.　　<u>Ground Eight</u>

Ground Eight raises a Sixth Amendment Confrontation Clause claim based on the petitioner's inability to confront or investigate the anonymous tipster who identified him as the robber. The respondent argues that this claim is procedurally defaulted because the petitioner did not exhaust this claim in his state court postconviction proceedings. The respondent asserts that the petitioner first brought this argument in his petition for review in the Wisconsin Supreme Court, so the court of appeals did not have the opportunity to rule on this claim.

The petitioner did not fairly present his Confrontation Clause claim to the court of appeals, so he is precluded from bringing that claim here. "Fair presentment requires assertion of a federal claim through 'one complete round of state-court review,' which means that 'the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.'" <u>King v. Pfister</u>, 834 F.3d 808, 815 (7th Cir. 2016) (quoting <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1025–26 (7th Cir. 2004)). "Fair presentment of an issue requires a petitioner to put forward both the operative facts and the controlling legal principles." <u>Pole v. Randolph</u>, 570 F.3d 922, 936 (7th Cir. 2009) (citing <u>Sanders v. Cotton</u>, 398 F.3d 572, 580 (7th Cir. 2005)); <u>White v. Peters</u>, 990 F.2d 338, 341 (7th Cir. 1993) ("[A]lthough a habeas petitioner need not set forth constitutional chapter and verse to exhaust his state remedies, he must do more than simply set forth the underlying facts related to his federal constitutional claim.")

21

To determine whether a claim was fairly presented, the court must "consider whether 'the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis.'" Whatley v. Zatecky, 833 F.3d 762, 771 (7th Cir. 2016) (citing McDowell v. Lemke, 737 F.3d 476, 482 (7th Cir. 2013)). The Seventh Circuit has identified four factors for a court to consider: (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; or (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Id. (citing Smith v. Brown, 764 F.3d 790, 796 (7th Cir. 2014)).

The petitioner's brief to the Wisconsin Court of Appeals did not alert that court to a possible constitutional violation. The petitioner's brief requests that the court remand his case to conduct postconviction discovery on the anonymous tipster, citing State v. O'Brien, 223 Wis. 2d 303 (Wis. 1999), a Wisconsin Supreme Court case discussing postconviction discovery. Dkt. No. 16-5 at 56–57. The petitioner did not rely on federal cases engaging in an analysis of a Confrontation Clause violation, nor did he argue that Detective Johnson's testimony about the anonymous tip violated the Confrontation Clause. See id. Until his petition for review to the Wisconsin Supreme Court, the petitioner did not argue that the tip violated the Confrontation Clause. Dkt. No. 16-7 at 5–8. Because the petitioner did not frame his argument as a Confrontation Clause violation, he did not fairly present this claim to the Wisconsin Court of Appeals.

22

If a petitioner has not fairly presented a federal claim to the state courts, he has procedurally defaulted that claim. <u>Hicks v. Hepp</u>, 871 F.3d 513, 531 (7th Cir. 2017) (citing <u>Lombardo v. United States</u>, 860 F.3d 547, 555 (7th Cir. 2017)). A procedural default bars a federal court from granting *habeas* relief unless a petitioner demonstrates cause for the default and resulting prejudice, or that a miscarriage of justice would result if the court did not address his claim on the merits. <u>Perruquet v. Briley</u>, 390 F.3d 505, 514 (7th Cir. 2004). The petitioner has not argued that there was cause and prejudice excusing his default, nor has he argued that a miscarriage of justice would result if the court did not address his Confrontation Clause claim on the merits. The court is not required to construct such an argument on his behalf. <u>See</u> <u>Hicks</u>, 871 F.3d at 531 (finding that petitioner forfeited any argument to excuse procedural default by not briefing the issue). Because the petitioner did not fairly present Ground Eight to the state courts, he has procedurally defaulted on that claim. The court will not grant *habeas* relief on this ground.

The petitioner has not presented any grounds compelling this court to grant *habeas* relief. The court will dismiss the petition.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

(2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

**V.    Conclusion**

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

24