ANTHONY HILL,

        Petitioner,

        v.

CHRISTOPHER BUESGEN,

        Respondent.

Case No. 22-cv-346-pp

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 35)

In March of 2022, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction in Rock County Circuit Court for armed robbery. Dkt. No. 1. The petitioner identified eight grounds for relief. Eleven months later, in February 2023, the court received from the petitioner a motion for a stay and abeyance, asking the court to allow him to return to the state court to file a Wis. Stat. §974.06 postconviction motion based on "newly discovered evidence of a juror's impression of a state witness relationship to the petitioner." Dkt. No. 9 at 1-2. The court denied the motion for stay and abeyance because the petitioner had not shown good cause for failing to exhaust his claims in the state court before filing his federal *habeas* petition and because the claim about the juror's impression had no merit in a federal *habeas* context. Dkt. No. 17 at 5.

On August 29, 2025, after the parties had briefed the petition, the court denied it, dismissed the case and declined to issue a certificate of appealability.

1

Dkt. No. 33. The court found that the Wisconsin Court of Appeals' rulings on Grounds One through Three were not clearly erroneous. Id. at 14-15. The court determined that the petitioner had waived his arguments with respect to Grounds Four through Seven. Id. at 20. Finally, the court found that the petitioner had procedurally defaulted Ground Eight—his Confrontation Clause argument—because he had not fairly presented that claim to the Wisconsin Court of Appeals and had not argued cause for or prejudice from that default. Id. at 22-23.

On September 26, 2025, the court received from the petitioner a motion asking the court to reconsider its ruling on Ground Eight. Dkt. No. 35. The petitioner argued that the court erroneously had found that he could not return to the state court to exhaust Ground Eight—his Confrontation Clause claim—asserting that he still could file a Knight petition.[1] Id. at 1. He maintained that the court must reconsider its ruling to avoid a miscarriage of justice. Id. at 2.

## I.     The Motion

### A.     Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for a motion to "reconsider," but a party may ask the court to alter or amend its judgment under Fed. R. Civ. P. 59(e). A party may file a motion to alter or

---

[1] A Knight petition is a state-court postconviction petition, which allows a defendant to challenge the effectiveness of his appellate counsel. See State v. Knight, 168 Wis. 2d 509, 522 (Wis. 1992) (concluding that "to bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus").

2

amend judgment "no later than 28 days after the entry of the judgment." Federal Rule of Civil Procedure 59(e). The motion "will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," In re Prince, 85 F.3d 314, 324 (7th Cir. 1996), but the movant first must "clearly establish" his right to relief, Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).

> B.     Analysis

The petitioner has not met the Rule 59(e) standard. He has not demonstrated that the court committed a manifest error of law or fact; he says only that he still could file a Knight petition. When this court dismissed the petition, it did not discuss whether the petitioner could return to the state court on Ground Eight. Perhaps the petitioner intended to include Ground Eight in his motion for stay and abeyance, but he did not. In that motion, the petitioner asked to return to the state court only to pursue a claim of juror bias. He did not ask to return to state court on the Confrontation Clause claim.

3

In fact, in dismissing the petition, the court found that the petitioner had procedurally defaulted the Confrontation Clause claim that was the subject of Ground Eight because he did not present that claim to the Wisconsin Court of Appeals, because he did not sufficiently alert the court of appeals of the existence of a possible constitutional question and because he had not established cause and prejudice excusing that default or argued that a miscarriage of justice would occur if the court did not address his Confrontation Clause claim on its merits.[2] Dkt. No. 33 at 21-23. After pointing out that the petitioner had not established cause and prejudice, the court explained to the petitioner that it was not required to construct a cause-and-prejudice argument for him. Id. at 23.

Because the petitioner has not met his burden to show that the court committed a manifest error of law or fact, and because he has not identified any newly discovered evidence, the court will deny his motion to reconsider.

## II. Conclusion

The court **DENIES** the petitioner's motion to reconsider. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 19th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[2] And in his "response and opposing motion to the respondents answer," the petitioner agreed with the respondents that he had procedurally defaulted Ground Eight. Dkt. No. 20 at 10.